IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA JAMES,                    :
                                   :
        Plaintiff                  :
                                   :
vs.                                :        Civil Action No:
                                   :
BUCKNELL UNIVERSITY,               :        Jury Trial Demanded
                                   :
        Defendant                  :
                                   :

## COMPLAINT

### I. Parties

1.      Plaintiff Patricia James is an adult individual currently residing at 20 Quarry Drive, Watsontown, Northumberland County, Pennsylvania 17777.

2.      Upon information and belief, Defendant Bucknell University is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 580 Snake Road, Lewisburg, Union County, Pennsylvania 17837.

## II. Jurisdiction

3.     This Court has jurisdiction over this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the statute that provides for District Court jurisdiction for employment discrimination claims.  This Court has supplemental jurisdiction to hear and decide the state law claim brought pursuant to the Pennsylvania Human Relations Act under 28 U.S.C. § 1367(a) because both claims are predicated upon a common nucleus of operative facts.

## III. Venue

4.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391, as the events and omissions giving rise to Plaintiff's claims occurred in this district.

## IV.   Facts

5.     In February 2007, Plaintiff was hired by Defendant as a staff sergeant with the Bucknell University Department of Public Safety.

6.     At all times relevant hereto, Plaintiff was qualified for her position and performed her job consistent with Defendant's legitimate expectations.

7.     Throughout the performance of her job duties, Plaintiff observed that incidents of gender discrimination were prevalent within her department.

8.     As such, beginning in December 2007, Plaintiff began documenting these incidents of gender bias.

9.     Gender bias occurred in, among other ways, the arbitrary enforcement of the uniform policy and approval of training programs.

10.    One such example occurred on November 16, 2007, when Plaintiff was disciplined for coming to work in civilian clothing to do paperwork.  Plaintiff was also reprimanded for bringing her sick child to work with her.  However, male officers routinely wear civilian clothing while doing paperwork in the office, and male officers have brought their sick children to the office on numerous occasions and instructed clerical workers to supervise them.

11.    Another incident of gender discrimination occurred in December 2007 when Plaintiff requested and was denied permission to attend a work-related seminar, in spite of the fact that Plaintiff's male colleagues regularly attended similar training programs.

12.    Additionally, in January 2008, Plaintiff was denied hotel accommodations for an out-of-town work-related seminar, as she was told that she resided close enough to the seminar location that such accommodations were not necessary.  Nevertheless, Plaintiff's male counterparts who resided a shorter distance from the seminar location were granted such accommodation.

13.    Other examples of gender discrimination included the following:

a.     Plaintiff's subordinates were questioned regarding her work performance, while her male colleagues' subordinates were not

questioned regarding their performance;

b.   Tapes of Plaintiff's work during her shifts were reviewed in order to scrutinize her job performance and to discredit her, while tapes of Plaintiff's male colleagues' were not similarly reviewed;

c.   Plaintiff was not offered the opportunity to interview for a promotion, a lieutenant position, even though she was qualified for this position.  Instead, a male officer interviewed for - and later was offered - the position, despite the fact that he had lesser qualifications than Plaintiff;

d.   On or about June 13, 2008, Plaintiff learned that her supervisor maintained an internal file regarding her, while no such files were maintained for any of her male colleagues;

e.   In or about June 2008, Plaintiff was informed by fellow officers that a YouTube video in which a female police officer accidently shot her gun was shown during a training session. The male trainer added the words "Dumb Bitch" to the video. A participant of the training class stated that the video should not be shown during the next training session, which Plaintiff was to attend.

14.    A result of these and other incidents of blatant gender bias, on or about July 17, 2008, Plaintiff's hired counsel reported to Bucknell University that Plaintiff was being discriminated against on the basis of her gender.  Thereafter, on or about July 25, 2008, Plaintiff's attorney sent written notification of Plaintiff's discriminatory treatment to Bucknell University's general counsel.  A true and correct copy of the July 25, 2008 to Bucknell University's general counsel from Plaintiff's attorney is attached hereto and marked as "Exhibit A" and incorporated herein by this reference.

15.    Plaintiff then left for vacation on July 25, 2008.

16.    On the day that Plaintiff was scheduled to return to work, Bucknell University's general counsel notified Plaintiff's attorney that Plaintiff was placed on suspension.

17.    Thereafter, on or about August 8, 2008, Bucknell University's general counsel advised Plaintiff's attorney that the University intended to terminate Plaintiff.

18.    After notifying Plaintiff's attorney of their intent to terminate Plaintiff, Defendant contacted Plaintiff to request that Plaintiff voluntarily agree to the termination and "make an offer" regarding her severance.

19.    Plaintiff refused to "make an offer," as she desired to continue working for Defendant.  Plaintiff's attorney notified Bucknell University's general

counsel of Plaintiff's refusal to agree to a severance by letter dated August 12, 2008. A true and correct copy of the August 12, 2008 to Bucknell University's general counsel from Plaintiff's attorney is attached hereto and marked as "Exhibit B" and incorporated herein by this reference.

20.    On or about August 19, 2008, Defendant telephoned Plaintiff's counsel to inform him that Plaintiff was placed on unpaid suspension for 30 days, demoted, and placed on the midnight shift permanently, if she desired to return to work. A true and correct copy of the August 28, 2008 to Plaintiff's attorney from Bucknell University's general counsel which conveyed this message is attached hereto and marked as "Exhibit C" and incorporated herein by this reference.

21.    By letter dated August 21, 2008, Plaintiff's counsel informed Defendant's counsel of Plaintiff's refusal to accept the suspension and demotion. A true and correct copy of the August 21, 2008 to Bucknell University's general counsel from Plaintiff's attorney is attached hereto and marked as "Exhibit D" and incorporated herein by this reference.

22.    Defendant's above-described actions were punitive and in retaliation for her reporting of the gender discrimination to which she had been subjected.

23.    On or about September 12, 2008, Plaintiff realized that Defendant had terminated her pay and benefits effective August 24, 2008, without any notice to Plaintiff or her attorney, after she had failed to receive a paycheck.

24.    On or about October 14, 2008, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission regarding the discriminatory treatment which she had received at Bucknell University.  A true and correct copy of said Complaint is attached hereto and marked as "Exhibit E" and is incorporated herein by this reference.

25.    On or about December 10, 2009, Plaintiff received notification from the Pennsylvania Human Relations Commission that she has the right to file a court action based on her allegations of gender discrimination.  A true and correct copy of the December 10, 2009 letter is attached hereto and marked as "Exhibit F" and is incorporated herein by this reference.

## COUNT I - PENNSYLVANIA HUMAN RELATIONS ACT (GENDER DISCRIMINATION)

26.    Plaintiff   repeats   and   repleads   paragraphs 1 through 25 of this Complaint as though fully set forth at length.

27.    As outlined more fully above, Defendant has engaged in unlawful discrimination based on Plaintiff's gender, subjecting Plaintiff to disparate treatment as compared to her male counterparts, in violation of the Pennsylvania Human Relations Act.

28.    Plaintiff put Defendant on notice of the unlawful discrimination which she was experiencing, but Defendant failed to take any action designed to stop the

same, and instead, chose to terminate Plaintiff's employment.

29.    These actions and inactions on the part of Defendant constitute an unlawful discriminatory practice in the form of hostile work environment and retaliation for opposing this discrimination, in violation of the Pennsylvania Human Relations Act.

30.    As a direct and proximate result of Defendant's discriminatory actions and inactions, Plaintiff suffered damages, including, but not limited to, lost wages and benefits, humiliation, and mental anguish.

WHEREFORE, Plaintiff Patricia James respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Bucknell University, together with compensatory damages, punitive damages, attorneys' fees, costs and expenses generated by the prosecution of this action, and all other relief that the Court deems just and appropriate.

## COUNT II - PENNSYLVANIA HUMAN RELATIONS ACT (RETALIATION)

31.    Plaintiff repeats and repleads paragraphs 1 through 30 of this Complaint as though fully set forth at length.

32.    Defendant has engaged in continuous retaliatory conduct towards Plaintiff, including the termination of her employment, following Plaintiff's report of the unlawful gender discrimination to which she has been subjected, in violation of the Pennsylvania Human Relations Act.

33.   These actions on the part of Defendant constitute an unlawful discriminatory practice in the form of hostile work environment and retaliation for opposing unlawful discrimination, in violation of the Pennsylvania Human Relations Act.

34.   As a direct and proximate result of Defendant's discriminatory actions and inactions, Plaintiff suffered damages, including, but not limited to, lost wages and benefits, humiliation, and mental anguish.

WHEREFORE, Plaintiff Patricia James respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Bucknell University, together with compensatory damages, punitive damages, attorneys' fees, costs and expenses generated by the prosecution of this action, and all other relief that the Court deems just and appropriate.

## COUNT III - TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT

35.   Plaintiff repeats and repleads paragraphs 1 through 34 of this Complaint as though fully set forth at length.

36.   As outlined more fully above, Defendant subjected Plaintiff to unlawful gender discrimination and retaliation for her notification to Defendant of the same.

37.   In addition, Defendant ultimately terminated Plaintiff's employment as a direct result of her reporting the disparate treatment she received due to her gender.

38.   These actions or inactions on the part of Defendant constitute an

unlawful discriminatory practice in the form of a hostile work environment and retaliation for disclosing this discrimination, in violation of Title VII of the Federal Civil Rights Act.

39.   The direct and proximate result of Defendant's discriminatory actions and inactions, Plaintiff suffered damages, including, but not limited to, lost wages and benefits, humiliation, and mental anguish.

WHEREFORE, Plaintiff Patricia James respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Bucknell University, together with compensatory damages, punitive damages, attorneys' fees, costs and expenses generated by the prosecution of this action, and all other relief that the Court deems just and appropriate.

## Jury Trial Demand and Requested Relief

40.   Plaintiff Patricia James demands a trial by jury on the allegations in this Complaint and seeks the following remedies:

   a.   The entry of a judgment that Defendant violated her right to be free from unlawful discrimination on the basis of her gender;

   b.   An award of compensatory damages for her injuries;

   c.   An award of punitive damages;

   d.   An award of reasonable attorneys' fees, costs, and expenses generated by the prosecution of this action; and

e.    All other relief that is warranted under the facts of this case.

Respectfully submitted,

Dated: 2/11/10

Kathleen V. Yurchak, Esquire
Pa. I.D. No. 55948
328 South Atherton Street
State College, PA 16801
(814)237-4100